## Walker v. Kahn

*Walter J. Laska,* for plaintiff.

*Harold H. Herwitt* and *Arthur M. Grossman,* for defendant.

ELLENBOGEN, J., February 26, 1938.—This case came on to be heard, to determine whether a preliminary injunction which had been entered in the above-entitled case on February 19, 1938, should be continued until final hearing of the case or should be modified or dissolved.

The bill of complaint in this case was filed by a committee of lawyers appointed by the Bar Association of Allegheny County, on the unauthorized practice of law. Defendant, N. P. Kahn, is engaged in business as an insurance agent for insurance companies and surety companies. He has made a specialty of executing bonds for restaurant liquor licenses and for club liquor licenses.

The court is convinced that defendant acted in the utmost good faith and intended to conduct his business as an insurance agent and as attorney-in-fact for a large insurance company in a proper, businesslike, and legal way. The complainants do not attack the good faith of defendant and in their argument before the court they conceded the fact that he is proceeding in the best of faith.

In connection with the business of writing bonds for applicants to the Pennsylvania Liquor Control Board, for restaurant liquor licenses or for club liquor licenses and as a convenience to his customers, defendant and his employes have filled out on behalf of many applicants the forms by which an application is made for the issuance or for the renewal of the liquor license. The evidence, adduced by complainants, has satisfied the court that in connection with so doing, defendant and his employes have at times interpreted and applied the liquor license laws to the particular facts of a case, so as to constitute the practice of law. Since defendant is not learned in the law and is not admitted to practice law in the courts of Pennsylvania he cannot lawfully engage in the practice of law. See Act of July 12, 1935, P. L. 708. His doing so, regardless of his good intentions, is illegal and must therefore be discontinued.

The mere filling out in behalf of applicants of applications for issuance or for renewal of restaurant, hotel, or club liquor licenses is a simple matter requiring simple answers to simple questions. No legal skill is required to fill out the simple forms provided by the Pennsylvania Liquor Control Board. Such filling out is a mere clerical act requiring no knowledge of the law and no interpreta-

tion of the acts of assembly. In and by itself, such filling out of forms issued by the Liquor Control Board of Pennsylvania does not constitute the practice of law. See Shortz et al. v. Farrell, 327 Pa. 81, 92. Such clerical action, however, must not be accompanied by an interpretation of the law or by applying the law to the particular facts of a particular applicant. Defendant must be careful to prevent the impression from arising that he is giving legal advice concerning the provisions or the application of the liquor laws of Pennsylvania.

Haphazard practice and half-baked interpretation of laws by those who have not seen fit to qualify themselves by special training is dangerous to the citizen. Such action jeopardizes the rights and the property of the trusting public. It may involve him in a great deal of litigation and much expense in trying to correct mistakes of self-appointed lawyers. The law of the land is not composed of a miscellaneous, disconnected heap of statutes. The law is a definitely correlated system of statutes and decisions, tied together and based upon a constitution, and the whole goes to make up what is known as the body of the law.

To allow persons who are not versed by study of the whole body of the law to practice law or to interpret statutes, in even a minor way, would be as absurd as to permit persons who lack a study of the whole human body to practice medicine and tinker with the human anatomy. The public has a right to depend upon the courts for a guaranty of the fitness, the ability, the experience, and the integrity of lawyers to render the legal services which are needed. A court which has proper regard for the public interest must protect the public from the consequences which inevitably arise by following improper, incompetent, or inadequate legal services or advice. It is the duty of the courts to enforce proper standards among the lawyers, but there is no way by which the court can impose the same high standards upon persons who are not

members of the bar but who undertake to guide or instruct other persons in legal matters.

The lawyer is amenable to strict discipline. For bad faith, dishonesty, or negligence, he himself may be put on trial. He may be disbarred and his career blasted if he fails to observe the ethics of his profession. He may be called to account if he fails in his high duty to his client or violates his oath, which requires of him due thought in the matter of law and order. He is liable to his client if he negligently performs his duty. He is liable to the court if in the performance of those duties he disregards the due course of law and order.

The man in business, although he may be of the highest character, is not under such constraint. If under conditions of competing business he should undertake to perform an extra service of a legal nature for his customers, he is faced with no dire consequences for wrong advice.

By the code to which he is sworn, the lawyer is retained to make the best of his client's case. He is not, under his oath, retained to achieve his client's aim at all cost. He must at times refuse to go forward for the sake of the public welfare.

Thus, to allow the incidental rendering of legal service by a person who is not a lawyer and not accountable to the courts would open the door to irresponsibility. Particularly would this be true in the present case, when compensation to defendant is contingent upon the obtaining of a liquor license, for it appears by the evidence that if the liquor license is refused the bond is canceled and the premium must be returned.

Since this case is before the court only on a preliminary hearing and since the decree accompanying this opinion will be in force only until an answer has been filed by defendant and a final hearing has been had in the case, we will not, at this time, discuss fully the legal precedents applicable to this case. This is left to the opinion accompanying the final decree.

*Decree*

And now, to wit, February 26, 1938, this matter having come before the court for a preliminary hearing, pursuant to order of this court, and after full hearing in open court, both parties being represented by counsel, and upon consideration of the facts and the law, it is hereby ordered, adjudged, and decreed:

1. That the preliminary injunction heretofore entered on February 19, 1938, in the above-entitled case, be and the same is hereby vacated and set aside.

2. That defendant, N. P. Kahn, individually, and N. P. Kahn, trading as Keystone Bond Underwriters, his servants and employes are hereby enjoined and restrained from practicing law or from holding himself or themselves out as ready and willing to perform the duties or render the services of an attorney at law.

3. Defendant, as above defined, is hereby enjoined and restrained from advertising or in any manner, directly or indirectly, soliciting the handling of applications for the original issuance or the renewal of liquor licenses of any kind, issued by the Pennsylvania Liquor Control Board; and from advising orally or in writing that the services of an attorney at law or attorneys at law are not necessary for the preparation of said applications.

4. Defendant, as above defined, is hereby enjoined and restrained from in any manner interpreting the provisions of the laws of the Commonwealth of Pennsylvania or from applying them to the particular facts given by prospective applicants for liquor licenses, and from giving advice to others, exclusive of brokers or agents placing business with respondent, with reference to the preparation of applications for liquor licenses and club liquor licenses, pursuant to the Pennsylvania Liquor Control Act, or by the use of pamphlets, advertisements, or any other means from holding himself out as ready and willing to prepare liquor license applications in connection with the writing of bonds for license applicants, or otherwise.

5. Defendant, as above defined, shall be permitted, however, on the demand of an applicant for a liquor license bond to render, or to allow his agents, servants, and employes to furnish stenographic or clerical assistance to such applicants, but such activity shall be confined to clerical or stenographic work and shall not extend to the giving of legal advice in any form whatsoever.

6. This injunction to be and remain in force until final hearing and further order of court.

Respondent to pay costs.